UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 14-9780 FMO (JEMx) | Date | June 17, 2015 |
| Title | Marina J. Boyd, et al. v. CitiMortgage, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Dismissing RICO Claim and Remanding Action

Having considered defendant CitiMortgage, Inc.'s ("defendant" or "CMI") Motion to Dismiss Portions of Fourth Amended Complaint Pursuant to FRCP 12(b)(6) ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**

On November 19, 2014, pro se plaintiff Marina Boyd ("Boyd" or "plaintiff")[1] filed a Third Amended Complaint ("TAC") in state court asserting a new claim, (see Notice of Removal ("NOR") at ¶ 1), and on December 22, 2014, CMI removed the action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1332.[2] (See id. at ¶ 3). Following removal, the court granted CMI's motion to dismiss the TAC. (See Court's Order of January 26, 2015, at 2). In granting leave to amend, the court noted that prior to removal of the action, the state court had provided Boyd "one 'final opportunity' to amend." (Id. at n. 2).

On February 13, 2015, plaintiff filed a Verified Fourth Amended Complaint ("4AC") against

---

[1] Because purported plaintiffs Anita Fay Boyd ("A. Boyd"), and Alexis Boyd-Holling ("Boyd-Holling") are subject to a motion to strike, (see Defendant's Motion to Strike Portions of Plaintiffs' Fourth Amended Complaint ("Motion to Strike"), the court does not refer to them as plaintiffs in this Order.

[2] CMI did not remove on the basis of diversity jurisdiction. (See, generally, NOR). Nor could they because, at the time of removal, defendants Mark Alston ("Alston") and Skyway Realty ("Skyway") destroyed diversity. But in any event, the action was removed more than one year after commencement of the action in state court. See 28 U.S.C. § 1446(c) (diversity cases may not be removed "more than 1 year after the commencement of the action"); (see NOR, Exh. 1 (Summons)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9780 FMO (JEMx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | Marina J. Boyd, et al. v. CitiMortgage, Inc., et al. | | |

CMI, Citigroup, Inc.,[3] Skyway, and Alston[4] (collectively, "defendants"), (see 4AC at ¶¶ 6-9),[5] asserting a federal claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq., and various state law claims. (See id. at ¶¶ 48-109). Among other things, Boyd seeks compensatory damages of "not less than $2,250,000[.]" (Id. at ¶ 112).

The 4AC alleges that on or about September 16, 2010, CMI purchased the condominium owned by Boyd in a trustee sale, and thereafter initiated foreclosure proceedings.[6] (See 4AC at ¶ 20). Thereafter, CMI authorized Alston, a broker and sole proprietor of Skyway, to offer Boyd $4,000 to "vacate the premises within two weeks." (Id. at ¶¶ 21-22). Boyd declined. (Id. at ¶ 22). On November 22, 2010, CMI "initiated unlawful detainer proceedings and obtained a judgment in [its] favor on or about June 20, 2011 following a trial." (Id. at ¶ 23). According to the 4AC, Boyd, A. Boyd, and Boyd-Hollings "had a considerable amount of valuable personal property on the premises." (Id. at ¶ 24).

The 4AC alleges that "on September 22, 2011, Defendants voluntarily took possession of the condominium . . . pursuant to a Writ of Possession and at the same time, voluntarily took possession of the . . . personal property which remained on the premises after Defendant's [sic] took possession of the condominium." (4AC at ¶ 27). More specifically, on that date, the "Los Angeles County Sheriffs removed Plaintiff[]" from the property pursuant to a "Writ of Execution[.]" (Id. at ¶ 81).

On October 4, 2011, CMI instructed Alston "to obtain bids to dispose and destroy" all of [the] personal property that was left in the condominium. (4AC at ¶ 28). Plaintiff alleges that a CMI employee told Alston that plaintiff's "time to request" the return of property had expired on October 1, 2011. (Id.). According to plaintiff, the October 1, 2011, date was "inconsistent with the . . . September 23, 2011 posted notice stating that the . . . personal property would be stored onsite for 18 days[,]" (see id. & Exh. V), "and also inconsistent with the 15 days after the date of the Writ of Execution." (Id. at ¶ 28 & Exh. VI).

---

[3] CMI contends that plaintiff improperly added Citigroup, Inc. as a new defendant, (see Motion at 2 n. 2), and that Boyd indicated during the meet-and-confer process that she no longer intended to pursue this defendant. (See Motion to Strike at 1 n. 1). For purposes of this Order, the court does not include Citigroup, Inc. as a defendant.

[4] Alston and Skyway were dismissed on March 13, 2015. (See Court's Order of March 13, 2015). However, because the 4AC refers in many instances to the conduct of "defendants" the court will continue to include them in this Order when referring to the allegations in the 4AC.

[5] Capitalization, emphasis, and internal quotation marks in the 4AC altered without notation.

[6] It appears that plaintiff means that CMI initiated eviction proceedings – and not foreclosure proceedings – since CMI had already purchased the condominium in a trustee sale.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9780 FMO (JEMx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | Marina J. Boyd, et al. v. CitiMortgage, Inc., et al. | | |

Beginning on October 7, 2011, plaintiff contacted or attempted to contact Alston and Skyway regarding retrieval of the personal property from the condominium. First, on October 7, 2011, A. Boyd sent an email to Alston requesting a time to retrieve her personal property. (See 4AC at ¶ 29). Then, on or about October 12, 2011, Boyd called Skyway and spoke to a person who identified herself as the receptionist. (See id. at ¶ 30). Boyd attempted to schedule a time to pick up the personal property but the receptionist stated that Boyd "would have to speak to . . . Alston, who was out of the office" to arrange for pickup. (Id.). The receptionist stated that she would relay Boyd's message and phone number to Alston, who would return her call to make arrangements for the return of the personal property. (Id.). Plaintiff made at least two other calls (on October 8, 2011 and October 21, 2011) to Skyway regarding the personal property, (see id. at ¶ 33), and on October 19, 2011, she "stuck a note under the door of the condominium requesting access to claim their personal property, and provided contact phone numbers for Defendant to reach" plaintiff, A. Boyd, and Boyd-Holling. (Id. at ¶ 34). Defendants did not respond. (Id.).

In the meantime, on October 13, 2011, an "REO Asset Manager" for CMI asked Alston "whether or not he had obtained bids to discard [the] personal property" as previously requested. (4AC at ¶ 32). On October 17, 2011, the REO Asset Manager forwarded the bids to a CMI "Sr. Asset Manager," requesting approval to proceed with the lowest bid of $3,050, which Alston provided. (See id. at ¶ 35). The Senior Asset Manager approved the bid from Daniels A & B Construction and Development that same day, and Alston was instructed "to 'please get it . . . done ASAP.'" (Id. at ¶ 36 & Exh. IV). On or about October 23, 2011, defendants transferred the personal property to Daniels A & B Construction and Development for disposal, "despite knowing that plaintiff[, A. Boyd, and Boyd-Holling] had repeatedly stated their wish to pick up their personal property." (Id. at ¶ 38).

On October 28, 2011, plaintiff learned that the personal property was no longer at the condominium, (see 4AC at ¶ 40), and learned from Alston that it had been "trashed out," meaning it "had been destroyed and was not recoverable or returnable." (Id. at ¶ 41). Alston refused to provide the contact information for the third party to whom the property had been transferred, and instead advised Boyd to call the law firm involved in the unlawful detainer action. (See id. at ¶ 42). That law firm subsequently referred Boyd back to Skyway. (Id. at ¶ 43).

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9780 FMO (JEMx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | Marina J. Boyd, et al. v. CitiMortgage, Inc., et al. | | |

formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; see Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); see Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (per curiam); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal."). Nevertheless, dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

I.    RICO CLAIM.

RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). RICO also provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). RICO creates a private right of action that permits "[a]ny person injured in his business or property by reason of a violation" of its substantive provisions to recover civil remedies. 18 U.S.C. § 1964(c). To state a claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir.) (en banc), cert. denied, 552 U.S. 985 (2007) (internal quotations and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9780 FMO (JEMx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | Marina J. Boyd, et al. v. CitiMortgage, Inc., et al. | | |

"'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud [and] wire fraud[.]" Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir.), cert. denied, 543 U.S. 987 (2004). "Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010).

Federal Rule of Civil Procedure ("Rule") 9(b)'s particularity requirement applies to RICO. See Sanford, 625 F.3d at 558 (RICO claim based on mail fraud predicate offense "failed to satisfy Rule 9(b)'s particularity requirement" where plaintiff "failed to allege any specific mailings); Margaritis v. BAC Home Loans Servicing LP, 579 Fed.App'x 574, 576 (9th Cir. 2014) ("The district court properly dismissed" plaintiff's RICO claim because she "failed to allege specific facts showing a pattern of racketeering activity."). Rule 9 provides that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud," and must state "generally" "[m]alice, intent, knowledge, and other conditions of a person's mind[.]" Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Sanford, 625 F.3d at 558 (internal citations and quotations omitted). This means that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (superseded by statute on other grounds)). "'Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b).'" Id.

Here, plaintiff's RICO claim is deficient for several reasons. First, the 4AC fails to allege the existence of a RICO enterprise. (See, generally, 4AC at ¶¶ 98-105). A RICO "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n associated-in-fact enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" Odom, 486 F.3d at 552 (quoting United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528 (1981)). An associated-in-fact enterprise must have "three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. U.S., 556 U.S. 938, 946, 129 S.Ct. 2237, 2244 (2009); Negrete v. Allianz Life Ins. Co. of North America, 926 F.Supp.2d 1143, 1148 (C.D. Cal. 2013) (same). In order to show an associated-in-fact enterprise, a plaintiff must allege (1) persons associated for the "common purposes of engaging in a course of conduct," (2) "an ongoing organization, formal or informal," and (3) that the "various associates function as a continuing unit." Odom, 486 F.3d at 552 (internal quotation marks omitted). Such an enterprise "does not require any particular organizational structure, separate or otherwise." Id. at 551. Here, the 4AC is completely devoid of such allegations. (See, generally, 4AC at ¶¶ 98-105).

Second, plaintiff's RICO claim fails to plead even a single instance of racketeering conduct,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9780 FMO (JEMx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | Marina J. Boyd, et al. v. CitiMortgage, Inc., et al. | | |

much less a pattern of racketeering activity. A "'pattern of racketeering activity' requires at least two acts of racketeering activity[.]" 18 U.S.C. § 1961(5). "[W]hile two predicate acts are required . . . they are not necessarily sufficient." Turner, 362 F.3d at 1229. "A pattern of racketeering activity also requires . . . that the racketeering predicates are related and that they amount to or pose a threat of continued criminal activity." Id. (internal quotation marks omitted). Here, plaintiff's allegations that CMI engaged in "wire fraud in violation of 18 U.S.C. § 1343," (4AC at ¶ 102) and that its conduct "constitute[s] a pattern of 'racketeering activity' in violation of 18 U.S.C. § 1961[,]" (id. at ¶ 103), are nothing more than formulaic recitations of RICO elements, which are insufficient to state a claim. See Twombly, 550 U.S. at 555, 127 S.Ct. at 1965 ("[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.); see Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Indeed, the 4AC lacks any factual allegations that show a pattern of racketeering activity.[7] See Westfield-Thornton v. Ramprate, Inc., 2014 WL 4105442, *3 (C.D. Cal. 2014) (finding "conclusory statements" such as the "association of Defendants . . . was an 'enterprise' as that term is defined [by RICO]" insufficient to allege a RICO enterprise).

Plaintiff also alleges that despite her repeated attempts to schedule a time to pick up the property left at the foreclosed property following the issuance of the writ of possession, (see 4AC at ¶¶ 33-34), CMI moved forward with the destruction of the property. (See id. at ¶¶ 37-38). But even if true and CMI's, Skyway's, and Alston's conduct constituted a predicate act of some sort, plaintiff at most has pleaded one "ongoing predicate act[,]" rather than a pattern of racketeering activity. See Andre v. Bank of America, N.A., 2014 WL 6895240, *3 (N.D. Cal. 2014) (dismissing RICO claim because plaintiff "fail[ed] to allege that the mishandling of his account was a pattern of racketeering activity rather than one ongoing predicate act"). Moreover, the 4AC fails to set forth any alleged predicate acts that "amount to or pose a threat of continued criminal activity." H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239, 109 S.Ct. 2893, 2900 (1989); Turner, 362 F.3d at 1229 (explaining that a pattern of racketeering activity requires that the predicate acts "amount to or pose a threat of continued criminal activity") (internal quotation marks omitted). According to plaintiff's own allegations, CMI's objective has been completed – it removed and destroyed plaintiff's property from the foreclosed property. (See 4AC at ¶¶ 38 & 40-42). Hence, there is no threat of continued criminal activity. See H.J., Inc., 492 U.S. at 242, 109 S.Ct. at 2902 ("Predicate acts . . . threatening no future criminal conduct do not satisfy [the continuity] requirement[.]").

Finally, to the extent plaintiff is also asserting a § 1962(c) claim, the claim fails because

---

[7] In the Opposition, plaintiff argues that she adequately plead a RICO enterprise and directs the court to paragraphs 6 and 7 of the 4AC. (See Opposition to Defendant['s] Motion to Dismiss Portions of Plaintiff['s] Fourth Amended Complaint at 5). Paragraphs 6 and 7, however, merely identify some of the purported parties to the litigation, including CMI. (See 4AC at ¶¶ 6 & 7). This is clearly insufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9780 FMO (JEMx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | Marina J. Boyd, et al. v. CitiMortgage, Inc., et al. | | |

plaintiff has failed to adequately plead a substantive RICO violation. See Sanford, 625 F.3d at 559 ("Because we conclude that the section 1962(c) claim cannot be saved by amendment, it follows that the section 1962(d) claim also cannot be saved.").

II.     DISMISSAL WITHOUT LEAVE TO AMEND.

Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality."). However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). This decision is guided by an examination of several factors, including: (1) whether the amendment causes the opposing party undue prejudice; (2) whether the amendment is sought in bad faith; (3) whether the amendment causes undue delay; (4) whether the amendment constitutes an exercise in futility; and (5) whether the plaintiff has previously amended his or her complaint. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

Having liberally construed and assumed the truth of the allegations in the 4AC, the court is persuaded that plaintiff's RICO claim cannot be saved through amendment. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Under the circumstances, it would be futile to afford plaintiff a sixth opportunity to state a claim. See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotation marks omitted); Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003), cert. denied, 541 U.S. 1043 (2004), overruled on other grounds, Odom, 486 F.3d at 547. Accordingly, plaintiff's RICO claims will be dismissed without leave to amend.

III.    THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER
        PLAINTIFF'S STATE LAW CLAIMS.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the power to exercise supplemental jurisdiction is within the court's discretion. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). The court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); see Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9780 FMO (JEMx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | Marina J. Boyd, et al. v. CitiMortgage, Inc., et al. | | |

Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988)). Unless the court is persuaded by "considerations of judicial economy, convenience and fairness to litigants" it must "hesitate to exercise jurisdiction over state claims[.]" Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139.

Here, the court is dismissing the RICO claim, and there are no other federal claims.[8] Under the circumstances, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims and hereby remands those claims back to the state court. See, e.g., Downs v. Monetary Mgmt. of California, Inc., 2000 WL 335949, *2 (N.D. Cal. 2000) (noting that where federal claims have been omitted post-removal, "the court has discretion whether to continue to exercise its jurisdiction [and] [i]t may choose either to dismiss the state law claims or remand the action to state court"); Ligon v. JP Morgan Chase Bank, 2011 WL 2550836, *4 (N.D. Cal. 2011) (dismissing FDCPA claim and remanding remaining state claims); Eng v. Washington Mutual Bank, 2009 WL 2591359, *2-3 (N.D. Cal. 2009) (dismissing TILA claim and remanding remaining state law claims); Arceo v. County of San Mateo, 2011 WL 92073, *1-2 (N.D. Cal. 2011) (remanding plaintiff's state law claims after a prior court order, which granted defendant's motion to dismiss with respect to plaintiff's federal constitutional claims, prompted the court to examine its subject matter jurisdiction); Sufi v. Leadership High School, 2013 WL 3339441, *9 (N.D. Cal. 2013) (granting defendant's motion to dismiss plaintiff's First Amendment retaliation claim, brought pursuant to 42 U.S.C. § 1983, and remanding her remaining state law claims).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT :

1. Defendant's Motion to Dismiss Portions of Fourth Amended Complaint Pursuant to FRCP 12(b)(6) **(Document No. 24)** is **granted in part**. Plaintiff's RICO claim is dismissed with prejudice. The remaining portion of the Motion is denied without prejudice.

---

[8] To the extent plaintiff is asserting a claim against CMI for conspiracy to commit conversion pursuant to 18 U.S.C. § 241, (see 4AC at ¶¶ 48-57), it too fails since that statute is a criminal statute and does not provide a private right of action. See Berhe v. Bank of America, 2014 WL 694900, *4 (N.D. Cal. 2014) ("Plaintiffs also invoke a criminal statute, 18 U.S.C. § 241. But any cause of action under this section cannot go forward in this case because it provides no basis for civil liability.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-9780 FMO (JEMx)** | Date | **June 17, 2015** |
|---|---|---|---|
| Title | **Marina J. Boyd, et al. v. CitiMortgage, Inc., et al.** | | |

2. Plaintiff's action (i.e., the remaining state law claims) is hereby **remanded** to the Los Angeles County Superior Court, 1725 South Main Street, Santa Monica, CA 90401.

3. Judgment shall be entered accordingly.

4. The Clerk shall send a certified copy of this Order and the Judgment to the state court.

5. Defendant's Motion to Strike Portions of Plaintiffs' Fourth Amended Complaint **(Document No. 26)** is **denied as moot**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |